UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELIU CINTAO LOPEZ,

Petitioner,

v. Case No. 3:26-cv-2758-MMH-SJH

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner Eliu Cintao Lopez, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Emergency Motion for Temporary Restraining Order, Expedited Consideration, and Release Under Alternatives to Detention (Doc. 1; Petition) on October 9, 2026. See generally Petition. Cintao Lopez, a citizen of Cuba, was temporarily detained at the border and paroled into the United States on November 14, 2024. Record of Deportable/Inadmissible Alien (Doc. 5-2; Petition) at 1–2. On September 13, 2026, United States Immigration and Customs Enforcement (ICE) re-detained him. Petition at 2. As relief, Cintao Lopez seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 4.

The Federal Respondents understand Cintao Lopez to argue that he is not subject to mandatory detention under 8 U.S.C. § 1225(b). See generally Federal Respondents' Opposition to Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order, Expedited Consideration, and Release Under Alternatives to Detention (Doc. 5). The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Cintao Lopez, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Cintao Lopez was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Cintao Lopez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Emergency Motion for Temporary Restraining Order, Expedited Consideration, and Release Under Alternatives to Detention (Doc. 1) is

**GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Cintao Lopez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[2] If Respondents release Cintao Lopez, they shall provide him with access to a telephone to arrange transportation from the detention facility.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

---

[1] Because the Court finds that Cintao Lopez is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Cintao Lopez is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).

lc36
c:
Counsel of Record
Eliu Cintao Lopez